UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KENNETH R. D.,

                              **Plaintiff,**

   vs.                                                          5:24-cv-911
                                                                     (MAD/TWD)

**COMMISSIONER OF SOCIAL SECURITY,**

                              **Defendant.**
_____

APPEARANCES:                                  OF COUNSEL:

**HILLER COMERFORD INJURY &**        **JUSTIN M. GOLDSTEIN, ESQ.**
**DISABILITY LAW**
6000 North Bailey Avenue – Suite 1a
Amherst, New York 14226
Attorneys for Plaintiff

**SOCIAL SECURITY ADMINISTRATION**    **FERGUS J. KAISER, ESQ.**
Office of Program Litigation, Office 2
6401 Security Boulevard
Baltimore, Maryland 21235
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

# ORDER

      Plaintiff commenced this action on July 24, 2024, pursuant to 42 U.S.C. § 405(g), seeking review of a decision of the Commissioner of Social Security that Plaintiff was not disabled. *See* Dkt. No. 1. In a June 2, 2025 Report-Recommendation, Magistrate Judge Dancks recommended that the Court grant Plaintiff's motion for judgment on the pleadings and remand this matter for further proceedings. *See* Dkt. No. 15. Neither party filed objections to the Report-Recommendation.

      When a party declines to file an objection, the court reviews a recommendation for clear error. *See McAllan v. Von Essen*, 517 F. Supp. 2d 672, 679 (S.D.N.Y. 2007). After the

appropriate review, "the court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "When performing such a 'clear error' review, 'the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Canady v. Comm'r of Soc. Sec.*, No. 1:17-CV-0367, 2017 WL 5484663, *1 n.1 (N.D.N.Y. Nov. 14, 2017) (citing Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *Batista v. Walker*, No. 94-CV-2826, 1995 WL 453299, *1 (S.D.N.Y. July 31, 1995)).

In the present matter, the Court finds that Magistrate Judge Dancks correctly determined that Plaintiff's motion for judgment on the pleadings must be granted. In her Report-Recommendation, Magistrate Judge Dancks noted that Plaintiff previously filed a complaint in this Court following a previous denial of his application for benefits. *See id.* at 3. In that case, the Commissioner's decision was reversed and remanded following the parties' stipulation of consent to remand. *See id.* On October 26, 2023, the Appeals Council issued an order vacating the Commissioner's decision and remanding the case to the ALJ. *See id.* The Appeals Council order stated as follows:

> The administrative record does not appear to contain the claimant's complete medical history. In March 2022, Kathryn Pataky, MHC completed a medical source statement indicating, in part, that the claimant has been seen weekly since October 2020 . . . . The claimant also testified to seeing a therapist once every week since 2018 . . . . The record, however, does not appear to contain the treatment notes described by mental health counselor Pataky and the claimant. These records may be significant as mental health counselor Pataky opined greater limitations than noted in the residual functional capacity and the Administrative Law Judge discounts the opinion, in part, because the mental status examinations do not support the opined level of limitation . . . . However, the supportability of the opinion may not have been completely assessed without access to the underlying treatment notes.

*Id.* The Appeals Council further ordered that, upon remand, the ALJ will, among other things, "[o]btain additional evidence concerning the claimant's impairments in order to complete the administrative record in accordance with the regulatory standards regarding consultative examinations and existing medical evidence. ... The additional evidence may include, if warranted and available, any missing treatment notes from medical health counselor Pataky." *Id.*

Upon remand, although the ALJ obtained additional pages of medical records from Liberty Resources Family Health Center, where Plaintiff received counseling, the newly received records did not include MHC Pataky's underlying treatment notes as referenced by the Appeals Council. *See* Tr. at 1187-99. As Magistrate Judge Dancks notes, MHC Pataky's treatment notes were neither requested nor subpoenaed by the ALJ, and the New York State Office of Temporary and Disability Assistance's request for records sought only Plaintiff's "medical history, psychiatric history, clinical findings, laboratory findings, imaging reports, treatment prescribed and the response, diagnosis, and prognosis." *Id.* at 1202. Although the Appeals Council did not require the ALJ to obtain these treatment notes, they should have been requested by the ALJ.

Magistrate Judge Dancks correctly determined that the lack of MHC Pataky's treatment notes in the administrative record is of particular significance here, as the ALJ discounted the supportability of the opinion. The ALJ deemed MHC Pataky's opinion "only partially persuasive," finding "the greater limitations" MHC Pataky opined were "not supported" by Plaintiff's mental status exams, and noted MHC "Pataky's assessment is merely a check-box form and includes few references to objective clinical or diagnostic findings to support her opinions. Instead, she appears to primarily rely upon claimant's self-reported complaints." Tr. at 787. As the Appeals Council noted, these records may be of significant importance because MHC Pataky opined greater limitations, which the ALJ discounted in part as unsupported. Given the potential

3

significance of these records, the Court agrees with Magistrate Judge Dancks that this matter must be remanded for further proceedings.

Accordingly, the Court here

**ORDERS** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 15) is **ADOPTED in its entirety** for the reasons set forth therein; and the Court further

**ORDERS** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 10) is **GRANTED**; and the Court further

**ORDERS** that Defendant's motion for judgment on the pleadings (Dkt. No. 13) is **DENIED**; and the Court further

**ORDERS** that Defendant's decision denying Plaintiff disability benefits is **REMANDED pursuant to sentence four** for further proceedings; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Plaintiff's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 18, 2025
       Albany, New York

*signature*

Mae A. D'Agostino
U.S. District Judge